**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **VENTURE GLOBAL CP EXPRESS, LLC** | **CIVIL DOCKET NO. 2:25-cv-00040** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **A PIPELINE SERVITUDE ACROSS A PARCEL OF PROPERTY SITUATED IN SECTION 26, TOWNSHIP 11 SOUTH, RANGE 10 WEST, CALCASIEU PARISH, ANDREW RATKIEWICZ, EMILY RATKIEWICZ, JACOB RATKIEWICZ, KIMBERLY KAY MYERS SMITH, NATHAN RATKIEWICZ, SARAH RATKIEWICZ, AND STEPHEN RAY MYERS** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

**RULING AND ORDER**

Before the Court is a MOTION FOR DEFAULT JUDGMENT [Doc. 17] (the "Motion") filed by Plaintiff, Venture Global CP Express LLC ("CP Express"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. CP Express seeks to condemn certain immovable property located in Calcasieu Parish, Louisiana, pursuant to its authority under the Natural Gas Act, 15 U.S.C. § 717f(h) ("NGA"), and in accordance with a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC"). The default judgment is requested against Defendant Stephen Ray Myers ("Defendant"), who allegedly owns an undivided interest in the subject property and who has not responded to the Complaint.

Although a default has been entered against Defendant, [Doc. 15], a default judgment is not automatically warranted. As the Fifth Circuit has made clear, "[a]

defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Moreover, even in condemnation proceedings, the plaintiff must establish certain prerequisites under the NGA, including: (i) that it holds a valid FERC certificate for the project; (ii) that the parties were unable to agree to compensation; and (iii) that the landowner holds a compensable interest in the property. Moreover, when a Defendant has not filed an answer or responsive pleading and no scheduling order has been issued or jurisdiction review performed, before entering judgment, the Court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Upon review of the record, the Court finds that the Motion lacks sufficient evidentiary support to establish one or more of these elements, particularly as to the valuation and compensation proposed for the taking. Specifically, there are numerous valuation discrepancies between the Motion and memorandum in support[1]

---

[1]    The briefing contains the following inconsistent information: The "appraised value of [the landowner's] rights is $363.35" [Doc. 17, ¶ 5]; the total compensation owed for the rights sought by Venture Global CP Express, LLC for the tract designated as CL 263 is $183.00" [Doc. 17-3, ¶ 10]; in its Motion, CP Express argues that it "offered … in excess of $9000 for the rights it seeks." [Doc. 17, ¶ 5]; in its memorandum, CP Express argues that it made an offer to compensate the landowner "based on a value of approximately $30,000 per acre" [Doc. 17-1, p. 6]; CP Express argues that the $30,000 per acre amount is "well in excess of the appraised value of the property of $2000 per acre as determined by a licensed Louisiana real estate appraiser." *Id.* Significantly, CP Express's Motion seeks to deposit $363.25 into the registry of the Court, while the last paragraph of CP Express's memorandum states that Defendant is owed "$2.62." [Doc. 17-1, p. 6].

and several instances where the attachments, cited to provide evidentiary support for CP Express's allegations, are either mislabeled or missing.  The Motion also fails to affirmatively establish this Court's jurisdiction pursuant to 15 U.S.C. § 717f(h).[2]

Considering the foregoing,

IT IS HEREBY ORDERED that CP Express's Motion for Default Judgment [Doc. 17] is DENIED without prejudice to refile the Motion, which shall be supplemented with competent and admissible evidence sufficient to establish the basis for the proposed just compensation for the taking and any other matters required to support entry of judgment under 15 U.S.C. § 717f(h), including, but not limited to, the following:

1. The total appraised value of the tract of land at issue in the Motion, as well as clarification as to what CP Express is referring to when it references the total appraised value of the "rights prayed for in its complaint."

2. The amount to be deposited into the registry of the court and which party is entitled to withdraw that amount upon issuance of a judgment granting CP Express the "rights prayed for in its complaint."

3. An affirmative showing of jurisdiction pursuant to 15 U.S.C. § 717f(h), and more particularly, the amount that was offered to Stephen Ray Myers and the evidentiary support substantiating that offer.

---

[2]   15 U.S.C. § 717f(h) requires that, with respect to each tract of land at issue, the amount claimed by the owners for the property rights to be condemned must exceed $3,000.00.  At least one district court in the Fifth Circuit has concluded that an offer of $3,000 or more to buy which is rejected by the owner is sufficient to establish jurisdiction.  *See, e.g.*, *Panhandle E. Pipe Line Co., LP v. Gray*, 2021 WL 3810918, at *3 (N.D. Tex. Aug. 26, 2021).  Although CP Express alleges that it offered to compensate the "landowner" based on a value of $30,000 per acre, and that "[c]opies of the final offer letters, with an instrument necessary to convey the property interests sought together with the metes and bounds property descriptions and survey plats and the appraisal reports" are attached to the Motion, the Court was unable to locate the evidentiary support for this allegation, which is statutorily required.

THUS, DONE AND SIGNED in Chambers on this 8th day of October 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE